# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAURA D. FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: K24C-07-035 RLG |
| v. | ) | |
| | ) | |
| UROLOGY ASSOCIATES | ) | |
| OF DELWARE, P.A., a Delaware | ) | |
| corporation, and GREGORY | ) | |
| SPANA, M.D. Individually, | ) | |
| | ) | |
| Defendants. | ) | |

**Submitted: August 23, 2024**
**Decided: September 19, 2024**

## <u>ORDER</u>

**Upon Review of the Affidavit of Merit – COMPLIANT.**

William D. Fletcher, Jr., Esquire and Dianna E. Stuart, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware. *Attorneys for Plaintiff.*

Zoe Plerhoples, Esquire and Gregory S. McKee, Esquire, Wharton Levin Ehrmantraut & Klein P.A., Wilmington, Delaware. *Attorneys for Defendants.*

**GREEN-STREETT, J.**

1

This matter involves a medical negligence suit filed by Plaintiff, Laura D. Fisher, against Defendants Gregory Spana, M.D. and Urology Associates of Delaware, P.A. ("UAD"). Plaintiff alleges that Dr. Spana's and UAD's negligent medical care caused Plaintiff's pain, suffering, and need for corrective surgeries. Specifically, Plaintiff alleges that Dr. Spana, and vicariously UAD, negligently performed a cystoscopy and failed to take corrective measures once complications arose.

Dr. Spana and UAD move for an *in camera* review of Plaintiff's Affidavit of Merit to determine whether it complies with the requirement of 18 Del. C. §§ 6853(a)(1) and (c). Plaintiff filed an expert's affidavit and the expert's *curriculum vitae* in this case. The Court performed the review requested.

In Delaware, a medical negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's *curriculum vitae*.[1] As a general matter, an affidavit that tracks the statutory language complies with the statute.[2] The expert signing the affidavit must be licensed to practice medicine as of the date of the affidavit and engaged in practice in the same or similar field of medicine as the defendant in the three years immediately preceding

---

[1] Flamer v. Nanticoke Memorial Hospital, 2020 WL 113911, at *1 (Del. Super. Jan 9, 2020) (quoting 18 Del. C. § 6853(a)(1) & (c)).

[2] Dishmon v. Fucci, 32 A.2d 338, 342 (Del. 2011).

2

the alleged negligence.[3]  The affidavit must also recite that reasonable grounds exist to believe that each defendant was negligent in a way that caused the plaintiff's injuries.[4]  While the affidavit of merit must be filed under seal, a defendant may request the Court to review it *in camera* to ensure that it complies with the statute's requirements.[5]

As requested, after an *in camera* review of the Affidavit of Merit and the expert witness's *curriculum vitae*, the Court finds:

1. The expert signed the affidavit.

2. The expert attached a current *curriculum vitae.*

3. The expert is currently licensed to practice medicine.

4. The expert has been treating patients in the same field of medicine as Dr. Spana for over three years, including the three years immediately preceding the alleged negligent conduct.  Namely, the affidavit and accompanying *curriculum vitae* specifically reference the expert's experience in the fields of urology, urogynecology, and pelvic reconstructive surgery.  The expert possesses familiarity with the specific procedures Ms. Fisher underwent; holds board certifications in

---

[3] Flamer, 2020 WL 113911, at *1 (quoting § 6853(c)).

[4] Id.

[5] Id. at *1 (quoting § 6853(d)).

3

urology, urogynecology, and pelvic reconstructive surgery; and completed a fellowship in female urology, urodynamics, and neurourology. The expert has also published a significant number of works on this particular area of medicine.

5. The expert recites and specifically lists his grounds to believe that Dr. Spana and UAD breached the applicable standard of care, as it related to the diagnosis and treatment of Plaintiff's condition, and that the breach was a proximate cause of her pain, suffering, and need for a corrective surgery.

The Affidavit of Merit contains the information required by 18 Del. C. §§ 6853(a)(1) and (c) as to the allegations involving Dr. Spana and UAD. Therefore, the Affidavit of Merit is **COMPLIANT.**

 **IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge